MERCHANTS GREEN TRADING STAMP CO., A PENNSYL-
VANIA CORPORATION, PLAINTIFF-APPELLANT v. VOR-
NADO, INC., A KANSAS CORPORATION DOING BUSI-
NESS AS TWO GUYS FROM HARRISON, DEFENDANT-
RESPONDENT.

THE SPERRY AND HUTCHINSON COMPANY, ETC., PLAIN-
TIFF-RESPONDENT, v. VORNADO, INC., ETC., D/B/A
TWO GUYS FROM HARRISON, DEFENDANT-APPEL-
LANT.

STOP AND SAVE TRADING STAMPS CORPORATION, ETC.,
PLAINTIFF-RESPONDENT, v. VORNADO, INC., ETC.,
D/B/A TWO GUYS FROM HARRISON, DEFENDANT-
APPELLANT.

Argued April 22 and 23, 1963—Decided June 3, 1963.

*Mr. Warren J. Kaps* argued the cause for plaintiff-appellant (*Messrs. Stein & Kripke,* attorneys; *Mr. Warren J. Kaps,* of counsel; *Mr. George L. Garrison,* on the brief).

*Mr. Allen Ravin* argued the cause for Vornado, Inc., defendant-respondent and defendant-appellant (*Messrs. Wilentz, Goldman & Spitzer,* attorneys; *Mr. Allen Ravin,* of counsel).

*Mr. Robert P. Hazlehurst, Jr.* argued the cause for The Sperry & Hutchinson Company, plaintiff-respondent (*Messrs. Pitney, Hardin & Kipp,* attorneys; *Mr. Robert P. Hazlehurst, Jr., Mr. S. Joseph Fortunato* and *Mr. John F. Joyce,* on the brief).

*Mr. John J. Gibbons* argued the cause for Stop and Save Trading Stamp Corporation, plaintiff-respondent (*Messrs. Crummy, Gibbons & O'Neill,* attorneys).

The opinion of the court was delivered

PER CURIAM. Merchants Green Trading Stamp Company (Merchants) filed a verified complaint in the Superior Court, Chancery Division, seeking to permanently enjoin Vornado, Inc., trading as Two Guys from Harrison (Two Guys), from various activities concerning trading stamps. Having obtained a temporary restraint against said activities, Merchants applied for an interlocutory injunction. *R. R.* 4:67–2. A

judge of the Chancery Division denied that application and dissolved the temporary restraint. *75 N. J. Super.* 523 (*Ch. Div.* 1962). Merchants applied for leave to appeal to the Appellate Division and for a stay of the Chancery Division order dissolving the temporary restraint. The Appellate Division granted leave to appeal and a stay against the dissolution of the Chancery Division temporary restraint. *R. R.* 2:2–3, *R. R.* 1:4–6, *R. R.* 2:4–1.

The Sperry and Hutchinson Company and Stop and Save Trading Stamps Corporation filed separate verified complaints, each seeking relief similar to that demanded by Merchants. In these proceedings another judge of the Chancery Division granted their respective applications for temporary restraints and, later, for interlocutory injunctions. Two Guys' applications for leave to appeal the interlocutory injunctions to the Appellate Division were granted. This court certified the three appeals on its own motion, *R. R.* 1:10–1(a), and directed that they be argued together.

Although all of the complaints are not couched in identical language, the gist and effect of the factual allegations and legal theories upon which relief is sought are identical in their main and vital features.

It must be remembered that we are here concerned with interlocutory injunctions, the hearings upon which were had on affidavits and not on oral proof. The following brief recital encompasses these factual allegations and legal theories gleaned from the pleadings, affidavits, and factual admissions made in the briefs and at oral argument before this court.

The defendant and each plaintiff are engaged in the "trading stamp business." Their businesses operate in a manner typical of the industry, *i. e.:* The respective stamp companies grant exclusive franchises to noncompeting retailers in various localities, permitting them to issue that company's trading stamps. These stamps are dispensed to a customer on a basis of a percentage of his cash purchases. When pasted in a book furnished for that purpose, they are redeemable for articles of merchandise at designated redemption centers maintained by

each stamp company. Individual stamps are also redeemable for a stated cash price, as provided by *R. S.* 45:23–3. The articles for which the stamps may be traded represent a retail cash value considerably in excess of the cash surrender value.

The stamps are required to be pasted in the books furnished for that purpose. The books generally contain language to the effect that they are nontransferable and nonassignable, and that title and the right to possession of the books and stamps are expressly reserved in plaintiffs. According to the stamp book legends, the only right which the customer has is to paste the stamps into the books and present them to the issuing company for redemption. Customers are also advised that they cannot dispose of or make any other use of the stamps. There is no proof that similar advice is contained on the individual stamps.

The plaintiffs allege that their business creates a market for repeat customers by encouraging them to return to a given retail merchandising outlet because it distributes the brand of stamps which the customer is saving. They assert that their profit is realized through the cash remittances of the retail merchants for the privilege of dispensing the stamps. They allege that, in turn, the retailer-"licensees" benefit from the repeat business which is engendered by the habit which a customer acquires to shop where he is able to collect the stamps.

Two Guys, which is both a retail merchant and competitor of plaintiffs, has advertised: "We will exchange your partial or filled books stamp-for-stamp for Two Guys trading stamps with a food purchase of $5.00 or more." Consistent with said advertisement, Two Guys has so exchanged stamps. There is no proof of the manner in which Two Guys intends to dispose of the stamps it has thus obtained, *i. e.,* whether it intends to destroy, reissue, or sell them, or seek their redemption.

Plaintiffs assert that Two Guys' conduct is tortious since it: (1) misrepresented it had a right to participate in the company system; (2) interfered with the contracts between the company and the retailer, and the company and the customer;

(3) wrongfully induced the retailer and consumer to break their contracts; (4) unjustly interfered with plaintiffs' business; (5) engaged in unfair competition; and (6) misappropriated the fruits of the company system. Plaintiffs contend that they will sustain irremediable damage as a result of Two Guys' alleged tortious interference with their present and prospective contracts with retailers and consumers because the unseverable interrelationship between these retailers and consumers created by the nontransferable features of the stamps will be destroyed. Thus, in order to realize a return thereon, customers who collect stamps would no longer be indissoluably wedded to merchants who deal in a particular type of stamp. Instead, Two Guys has become the ultimate merchant from whom a return is yielded to the consumer.

The pleadings, affidavits, and factual admissions made in the briefs and at oral argument cause many controversial legal questions to arise, any one of which may control the outcome of the case. Without cataloging a complete list, some of the problems are as follows:

1. Does Two Guys' conduct constitute a malicious interference with contract or business relations or other tortious action, or does it constitute fair competition under the circumstances here present?

2. Is the plaintiffs' conduct such as to preclude them from relief under the unclean hands doctrine? In that connection, is the established cash redemption value of the stamps, when related to the merchandise retail value, a compliance with *R. S.* 45:23–3? Is the method which plaintiffs have adopted for the surrender of stamps for cash an attempted frustration and avoidance of *R. S.* 45:23–3?

3. Is that regulation of the plaintiffs valid which only vests the customer with the right to paste stamps in the furnished books and restricts the right of redemption to the customer to whom the stamps were originally issued? Is there validity in the prohibition against the transferability or the use of the stamps for any purpose other than redemption? Does Two Guys' receipt of plaintiffs' stamps constitute wrongful conduct

in the event that Two Guys will not seek to transfer or redeem the stamps so acquired?

In the light of these controversial issues, plaintiffs are not entitled to an interlocutory injunction. The restraint heretofore granted by the Appellate Division to Merchants Green Trading Stamps Company is dissolved, and the order of the trial court is reinstated. The order of the trial court is reversed as to The Sperry and Hutchinson Company and Stop and Save Trading Stamps Corporation.

We feel that these three actions should be consolidated for trial and direct an early trial date. Application shall be made to the trial court for such consolidation. Costs to abide the event.

*For affirmance in part, reversal in part and remandment—* Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.